```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


NAJEE I. SHABAZZ,                :
        Plaintiff,               :
                                 :
    v.                           :    CASE NO. 3:14-cv-1711 (JBA)
                                 :
RICH VALENTINE, et al.,          :
        Defendants.              :
```

ORDER

The plaintiff, Najee I. Shabazz, currently incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). He names as defendants Rich Valentine, Wayne Cole and three John Doe Agents of the Statewide Narcotics Task Force and Sergeant Evans of the Bridgeport Police Department. The complaint was received by the court on November 17, 2014, and the plaintiff's motion to proceed in forma pauperis was granted on November 21, 2014.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary

1

relief from a defendant who is immune from such relief.  Id.  In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

I.  Allegations

In August 2008, the plaintiff was a confidential informant for the Statewide Narcotics Task Force, reporting to defendant Valentine.  He made drug buys and provided signed statements against a drug dealer who was convicted.  Although defendant

2

Valentine agreed to inform prosecutors of the plaintiff's cooperation, no report was made.

In May 2014, defendant Evans contacted defendant Valentine and scheduled a meeting with the plaintiff. The plaintiff agreed to act as a confidential informant and obtain information against two drug dealers in exchange for a recommendation for leniency in a pending criminal case in state court. The plaintiff made several drug buys and enabled the defendants to conduct raids on the drug dealers. When the plaintiff was sentenced, however, none of the defendants appeared at his sentencing or submitted a recommendation for leniency. The plaintiff was sentenced to the full sentence with no reduction for his cooperation.

On June 14, 2014, the plaintiff filed a motion for sentence modification. Although he requested a letter from the defendants, no letter has been provided.

II.  Analysis

The plaintiff seeks a sentence reduction. Such relief can be provided only through a petition for writ of habeas corpus. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("Section 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his

conviction or the duration of his sentence") (citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).  Thus, any claim regarding a reduction of sentence must be pursued through a federal petition for writ of habeas corpus after the plaintiff exhausts his state court remedies.

The plaintiff also asks the court to order the defendants to provide the prosecutor a letter of recommendation to reduce his sentence.  The plaintiff alleges that the defendants agreed to make a sentencing recommendation on his behalf.

The Supreme Court has acknowledged such agreements made by prosecutors.  See Santobello v. New York, 404 U.S. 257 (1971).  Any claim concerning the failure to comply with the agreement, however, must be determined by the state court.  See id. at 262-63 (remanding case to state court to determine whether promise of sentencing recommendation by prosecutor should be specifically enforced).  The facts here deal only with a letter of recommendation.  No agreement by the prosecutor is alleged.  Another court has considered a claim that a prisoner agreed to act as a confidential informant for a federal agent in another case in exchange for dismissal of federal charges against him.  The court considered the matter in a federal habeas action.  See United States v. Irwin, 612 F.2d 1182 (9th Cir. 1980).  Unlike the present case, Irwin deals with federal criminal charges.

4

Research reveals no cases finding a federal constitutional right to have state or municipal police officers submit a letter of recommendation on state criminal charges.  Absent a federal constitutional right, there is no basis for a section 1983 action on this claim.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(2)   The Clerk is directed to enter judgment and close this case.

**It is so ordered.**

/s/_____
Janet Bond Arterton
United States District Judge


Dated at New Haven, Connecticut:  December 3, 2014.